# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America | Case No. 22-mj-432 (JTH) |
| Plaintiff, | |
| v. | **DETENTION ORDER** |
| Abdiaziz S. Farah, | |
| Defendant. | |

This matter came before the Court on May 25, 2022, for a preliminary hearing and detention hearing pursuant to Federal Rule of Criminal Procedure 5.1 and 18 U.S.C. § 3142(f). Defendant Abdiaziz S. Farah was present and represented by his attorney Andrew S. Birrell. The United States was represented by Assistant United States Attorneys Joseph H. Thompson and Harry M. Jacobs.

The defendant is charged by Complaint with Passport Fraud in violation of Title 18, United States Code, Section 1542. At the preliminary hearing, the United States presented the testimony of Special Agent Travis Wilmer of the Federal Bureau of Investigation and Government Exhibits 1 through 6 to establish that the defendant committed the crime charged in the Complaint. Based on the record, the Court concluded that probable cause existed to believe that the defendant committed the charged offense.

The United States moved for pretrial detention pursuant to 18 U.S.C. § 3142(f). Based on the testimony presented at the hearing, the information and recommendation contained in U.S. Probation and Pretrial Services' Pretrial Services Report, and the arguments of counsel, the Court concludes by a preponderance of the evidence that there

are no conditions or combination of conditions that will reasonably ensure the defendant's appearance at future court proceedings. Accordingly, the Court grants the United States' motion for detention.

## FINDINGS OF FACT

1. Based on the record before the Court, including the Complaint, the testimony of Special Agent Wilmer, and the United States' exhibits admitted at the hearing, the Court makes the following findings of fact.

2. The defendant is currently charged by Complaint with Passport Fraud, in violation of Title 18, United States Code, Section 1542. The offense relates to the defendant's alleged false representations in his U.S. passport application on March 22, 2022, which he used to obtain a new U.S. passport.

3. As Special Agent Wilmer testified, the defendant applied for a new U.S. passport following the seizure of his U.S. passport card and book by federal agents. The defendant's passport was seized as part of an investigation of the defendant's involvement in an alleged massive scheme to fraudulently obtain and misappropriate millions of dollars in Federal Child Nutrition Program funds. The defendant obtained a new passport on the same day he applied for one. The defendant's business partner, who passport was seized as part of that same investigation, also obtained a passport under false pretenses on the same day at the same passport office.

4. At the time the defendant allegedly fraudulently obtained a passport, he was aware that he was the target of a federal investigation regarding his involvement in the alleged scheme to fraudulently obtain and launder Federal Child Nutrition Program funds.

5. In March 2022, Farah booked two one-way flights to Nairobi, Kenya. On March 10, 2022, Farah booked a one-way flight from Minneapolis-St. Paul International Airport to Nairobi (via Chicago-O'Hare and Istanbul, Turkey). The flight was scheduled to depart on March 19, 2022. Farah did not board the flight. About a week later, on March 16, 2022, Farah booked a second one-way flight to Nairobi. The flight was scheduled to depart Minneapolis-St. Paul International Airport on March 24, 2022. Farah's final destination was Nairobi, Kenya. Again, Farah did not board the flight.

6. On April 16, 2022, Farah's business partner, Mohamed Jama Ismail, booked an April 22 flight from Rochester, Minnesota, to Nairobi (with stops in Minneapolis-St. Paul and Amsterdam-Schiphol). Ismail boarded the flight in Rochester and was arrested on the jetway at Minneapolis-St. Paul International Airport attempting to board the flight to Amsterdam

7. The defendant has significant financial resources. As noted in Government Exhibits 4 and 5, the defendant has made numerous large wire transfers to foreign bank accounts. Special Agent Wilmer testified that the defendant has received millions of dollars in recent years alone.

8. The defendant has significant personal and financial ties to Kenya. The defendant was raised in Kenya and has family residing there. The defendant also sent a text message to an associate claiming to have $6 million worth of investments in Kenya.

9. In sum, the defendant has a motive to flee, a means to flee, and a place to flee, as demonstrated by the defendant's present and potential criminal exposure, his significant financial resources, and his personal and financial ties to Kenya.

10. U.S. Probation and Pretrial Services recommended that the defendant be detained pending trial. Specifically, U.S. Probation and Pretrial Services determined that, based in part on the defendant's ties to Kenya and the nature and circumstances of the offense, there is no condition or combination of conditions that will reasonably assure the defendant's appearance at future court proceedings.

## CONCLUSIONS OF LAW

As a result of the foregoing findings of fact, and based on the testimony presented at the hearing, the information and recommendation contained in U.S. Probation and Pretrial Services' Pretrial Services Report, and the arguments of counsel, the Court concludes by a preponderance of the evidence that there are no conditions or combination of conditions that will reasonably assure the defendant's appearance at future court proceedings. 18 U.S.C. § 3142(f). Accordingly, detention is appropriate pursuant to 18 U.S.C. § 3142(e).

Therefore, **IT IS HEREBY ORDERED**:

1. The motion of the United States for detention without bond of the defendant is **GRANTED**;

2. The defendant is committed to the custody of the United States Marshals for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. The defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

4.   Upon order of the Court or request by the United States Attorney, the person or persons in charge of the correctional facility or facilities in which the defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: May 31, 2022                                    s/David T. Schultz       
                                                     DAVID T. SCHULTZ
                                                     U.S. Magistrate Judge