# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 22-cr-124 (NEB/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Abdiaziz Shafii Farah, | |
| Defendant. | |

Chelsea A. Walcker, Craig R. Baune, Harry Jacobs, Joseph Scott Teirab, Joseph H. Thompson, and Matthew S. Ebert, Assistant United States Attorneys, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Andrew S. Birrell and Ian S. Birrell, Birrell Law Firm, PLLC, 333 South Seventh Street, Suite 3020, Minneapolis, MN 55402 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2, ECF No. 30;

2. Defendant's Motion to Disclose Informants and Make Informants Available for Interview, ECF No. 34;

3. Defendant's Motion for Discovery and Inspection, ECF No. 35;

4. Defendant's Motion for Disclosure of Rule 404(b) Evidence, ECF No. 36;

5. Defendant's Motion for Disclosure of Rule 16(a)(1)(G) Materials, ECF No. 37;

6. Defendant's Motion for Disclosure Under *Brady* and *Giglio*, ECF No. 38; and

7. Defendant's Motion to Retain Rough Notes, ECF No. 39.

1

These motions and this Order relate to the initial Indictment, charging Defendant with one count of making a false statement in a passport application in violation of 18 U.S.C. § 1542.  *Cf.* ECF Nos. 57, 139 at 1-2 & n.2.[1]

A hearing was held on August 12, 2022.  ECF No. 51.  Matthew S. Ebert appeared on behalf of the United States of America (the "Government").  Ian S. Birrell appeared on behalf of Defendant.  Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1.   The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2, ECF No. 30, is **GRANTED**.  This motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of expert witnesses.  Defendant has no objection to the Government's discovery requests "[t]o the extent the [G]overnment seeks disclosure of items required by the Federal Rules of Criminal Procedure."  ECF No. 43.

The parties, *see infra* ¶ 5, seek the establishment of deadlines for the disclosure of any testimony the other intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence.  *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).  The Government proposed that the parties make their principal expert disclosures no later than 30 days before trial and any rebuttal expert disclosures no later than 10 days prior to trial.  ECF No. 30 at 2;

---

[1] A Superseding Indictment was filed on September 13, 2022.  *See generally* ECF No. 57.  "An original indictment remains pending prior to trial, even after the filing of a superseding indictment, unless the original indictment is formally dismissed."  *United States v. Yielding*, 657 F.3d 688, 703 (8th Cir. 2011) (citing *United States v. Walker*, 363 F.3d 711, 715 (8th Cir. 2004); Fed. R. Crim. P. 48); *see also Walker*, 363 F.3d at 715 ("superseding indictment and the original indictment can co-exist").

*see also* Gov't's Consol. Resp. at 13, ECF No. 44. At the hearing, Defendant had no objection to the Government's proposed timeline. *See also* ECF No. 37 at 1.

Consistent with the parties' agreement, no later than 30 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 10 days prior to trial, the parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

2.     Defendant's Motion to Disclose Informants and Make Informants Available for Interview, ECF No. 34, is **DENIED**. Defendant moves for an order requiring the Government to disclose the identity of any informants utilized in the investigation of this matter, to make such informants available for interview, and to provide certain information regarding such informants. The Government states that it is "not aware of any evidence in this pending case that was obtained from informants." Gov't's Consol. Resp. at 10.

When asked at the hearing if this motion was moot based on the Government's response, Defendant stated that the Government should be ordered to inquire as to whether any informants were used and, if the Government subsequently learned that informants were used, it would have an obligation to inform Defendant. The Government responded that it believed this is what had been articulated, repeated that it was not aware of any informants related to this charge, and agreed it would have an obligation to inform Defendant should it learn of additional information. In light of the Government's representation, Defendant did not have anything further.

"In *Roviaro v. United States*, the Supreme Court recognized the government's

3

privilege to withhold the identity of a confidential informant." *United States v. Alcantar*, 271 F.3d 731, 739 (8th Cir. 2001) (citing 353 U.S. 53, 59 (1957)).   In determining whether disclosure of an informant's identity is required, "the threshold issue is whether the informant is a material witness." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001).

"Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995) (emphasis added) (footnote omitted).   "In cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required." *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991) (citing *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987)); *accord United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003) ("Consequently, disclosure is typically not required when the informant merely conveys information to the government but neither witnesses nor participates in the offense." (quotations omitted)); *Alcantar*, 271 F.3d at 739 (government had no obligation to reveal informant's identity where informant did not participate in crime charged or testify at trial).

Defendant bears the burden of showing beyond mere speculation that the disclosure of an informant would be material and helpful to his case.   *United States v. Roberson*, 439 F.3d 934, 940 (8th Cir. 2006); *Alcantar*, 271 F.3d at 739.   If a trial court orders disclosure absent a showing of materiality, it abuses its discretion." *United States v. Bias*, No. 17-cr-318(06) (SRN/FLN), 2018 WL 3336770, at *2 (D. Minn. July 6,

4

2018).

Based on the record before the Court, there is no indication that an informant participated in or witnessed the offense charged. Moreover, the Government has confirmed that it will disclose the identity of any informant should it learn that one was utilized in connection with the pending charge. Therefore, Defendant's motion is denied.

3.     Defendant's Motion for Discovery and Inspection, ECF No. 35, is **GRANTED IN PART** and **DENIED IN PART**. Defendant seeks a laundry list of discovery. *See generally* ECF No. 35 ¶¶ 1-15. For example, some of the materials requested are subject to disclosure under Rule 16(a)(1)(A) through (F) of the Federal Rules of Criminal Procedure. *See, e.g.*, ECF No. 35 ¶¶ 1, 5, 9, 10. One of the requests, seeking exculpatory material, is duplicative of another motion filed by Defendant. *See, e.g.*, ECF No. 35 ¶ 15 ("Any exculpatory material (see also separate motion) at least thirty days prior to trial, with a continuing duty to search for and disclose such material up to, during, and after trial."). Others are likely to be subject to the trial preferences of the presiding district judge. *See, e.g.*, ECF No. 35 ¶¶ 3, 4 (exhibit and witness lists). In support of his various requests, Defendant cites generically "the United States Constitution, Rule 16 of the Federal Rules of Criminal Procedure, and whatever other points and authorities this Court finds appropriate." ECF No. 35 at 1.

The Government acknowledges its obligations under Rule 16 and states that it has and will continue to comply with such obligations. The Government further states that "all physical evidence within [its] possession . . . remains available for inspection by the defense at a mutually agreeable time and location." Gov't's Consol. Resp. at 11. The

Government "does not object to [Defendant's] motion to the extent it seeks material covered by Federal Rule of Criminal Procedure 16," but does "object[] to any discovery order which exceeds the requirements of Rule 16."  Gov't's Consol. Resp. at 11.

"Criminal defendants do not have a general constitutional right to discovery." *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000).  Defendant's motion is granted in part to the extent his discovery requests seek responsive information subject to disclosure under Rule 16(a)(1)(A) though (F) that remains in the Government's control and has not yet been produced.  Defendant's motion is further granted in part to the extent his discovery requests seek discovery and disclosures ordered produced elsewhere in this Order or that the Government is otherwise obligated to disclose by law. Defendant's discovery requests are denied in all other respects.

Defendant further requests that, in the event the Government subsequently discovers additional materials previously ordered to be produced, that such additional material be disclosed "immediately upon discovery."  ECF No. 35 at 3.  While the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.

4.     Defendant's Motion for Disclosure of Rule 404(b) Evidence, ECF No. 36, is **GRANTED IN PART** and **DENIED IN PART**.  Defendant requests disclosure "of any evidence [the Government] intends to introduce at trial of other crimes, wrongs or acts pursuant to Rule 404(b) of the Federal Rules of Evidence . . . no later than 60 days

prior to trial in this matter." ECF No. 36 at 1. The amount of time requested was based upon the potential link of the pending charge of false statement in a passport application to a fraud investigation involving federal nutrition programs. *Compare* ECF No. 36 at 2 *with* ECF No. 57. Defendant asserts that "[i]f the [G]overnment attempts to argue later that [he] committed some kind of misconduct pursuant to this investigation, and this allegation should be presented to the jury under Rule 404(b), [he] will need substantial time to investigate and prepare a response to that allegation." ECF No. 36 at 2.

In its response, the Government states that it "is aware of its obligations under Rule 404(b)" and proposes to make its disclosures two weeks prior to trial. The Government also states that it "has already disclosed a significant portion of discovery related to potential Rule 404(b) evidence" and "intends to continue to produce all such evidence as soon as practicable." Gov't's Consol. Resp. at 12. The Government objects, however, to the extent Defendant seeks the disclosure of "intrinsic" evidence.

At the hearing, Defendant reiterated his request for disclosure 60 days prior to trial, again referencing the fraud investigation. The Government maintained such fraud charges were speculative at that point in time and two weeks was sufficient as to the pending charge of false statement in a passport application.

Rule 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at

trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing).   The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010).   It does not apply to intrinsic evidence.  *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence.").   "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred."  *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

No later than three weeks prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), "articulat[ing] the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose."  Fed. R. Evid. 404(b)(3)(B).  If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery.  *See* Fed. R. Evid. 404(b)(3)(C).  The Court reiterates that this ruling applies to the initial Indictment, not the subsequently filed Superseding Indictment.  *See* ECF No. 139 at 3, 5-6.

5.     Defendant's Motion for Disclosure of Rule 16(a)(1)(G) Materials, ECF No. 37, is **GRANTED**.  Pursuant to Fed. R. Crim. P. 16(a)(1)(G), Defendant seeks disclosure

of expert testimony "the [G]overnment intends to introduce under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief" no later than 30 days prior to trial, including identification of the experts; a written summary of their testimony; "[a] description of the witness[es]' opinions, including the bases and reasons therefore"; and "[a] record of the witness[es]' qualifications."  ECF No. 37 at 1.

Consistent with the parties' agreement, *see supra* ¶ 1, no later than 30 days prior to trial, the Government shall make its principal expert disclosures, and no later than 10 days prior to trial, the Government shall make any rebuttal expert disclosures.

6.     Defendant's Motion for Disclosure Under *Brady* and *Giglio*, ECF No. 38 is **GRANTED IN PART** and **DENIED IN PART**.   Defendant seeks disclosure of evidence favorable to him under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. O'Conner*, 64 F.3d 355 (8th Cir. 1995) (per curiam), and their progeny, among other authorities.

The Government states that it "has complied, and will continue to comply," with its obligations under *Brady* and *Giglio*.  Gov't's Consol. Resp. at 13.  The Government confirms that "[t]o the extent evidence exists which is favorable to [Defendant] and material to either guilt or punishment, the evidence will be, or already has been, timely disclosed to [Defendant]."  Gov't's Consol. Resp. at 13.  The Government objects, however, to the extent Defendant seeks disclosures "beyond the requirements of *Brady*, *Giglio*, and their progeny."  Gov't's Consol. Resp. at 14.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment."

9

*United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87); *see United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)).   "The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'"   *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *accord Dones-Vargas*, 936 F.3d at 722; *see Whitehill*, 532 F.3d at 753.   "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination."   *Sigillito*, 759 F.3d at 930 (quotation omitted).   The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement."   *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)).   "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction."   *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Defendant's motion is granted in part to the extent that the Government shall comply with its obligations under *Brady*, *Gigilo*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2 materials.   *See United States v. Mazzulla*, 952 F.3d 1091, 1100 (8th Cir. 2019).   If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as

10

practicable after such discovery.

To the extent Defendant seeks discovery and disclosures outside the Government's obligations or seeks materials that have already been produced, his motion is denied. *See Johnson*, 228 F.3d at 924.

7.     Defendant's Motion to Retain Rough Notes, ECF No. 39, is **GRANTED**. Defendant requests "an Order requiring any law enforcement agents, including FBI agents and confidential reliable informants and cooperating witnesses acting as governmental agents, to retain and preserve all rough notes taken as part of their investigation, whether or not the contents of such rough notes are incorporated in official records." ECF No. 39 at 1. The Government does not object to the retention of rough notes, but opposes an order requiring disclosure of rough notes.

Defendant's request for the retention and preservation of all rough notes is granted. To the extent it has not already done so, the Government shall direct its agents to preserve any rough notes pertaining to this matter.

8.     All prior consistent orders relating to the initial Indictment remain in full force and effect.


[Continued on next page.]


11

9.     Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: October___14___, 2022                              _____*s/ Tony N. Leung*_____
                                                        Tony N. Leung
                                                        United States Magistrate Judge
                                                        District of Minnesota


                                                        *United States v. Farah*
                                                        Case No. 22-cr-124(1) (NEB/TNL)