UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Abdiaziz Shafii Farah *et al.*,<br><br>　　　　Defendants. | Case No. 22-cr-124 (NEB/TNL)<br><br>**ORDER APPOINTING<br>JOHN C. ELLIS, JR. AS<br>COORDINATING DISCOVERY<br>ATTORNEY** |

This matter comes before the Court on Defendant Mukhtar Mohamed Shariff's Motion Seeking the Appointment of a Coordinating Discovery Attorney, ECF No. 167, on behalf of himself and for the benefit of all defendants with court-appointed counsel in this case.[1] Defendant Mukhtar Mohamed Shariff's motion is **GRANTED IN PART** as to the appointment of a Coordinating Discovery Attorney in this case as set forth herein and **OTHERWISE DENIED WITHOUT PREJUDICE**.

**IT IS HEREBY ORDERED** that John C. Ellis, Jr., is appointed as Coordinating Discovery Attorney for court-appointed defense counsel in the matter of *United States v. Abdiaziz Shafii Farah et al.,* No. 22-cr-124 (NEB/TNL).

The Coordinating Discovery Attorney shall oversee any discovery issues common to all defendants with court-appointed counsel in this case. His responsibilities will include:

---

[1] To the extent Defendant Mukhtar Mohamed Shariff seeks relief for the benefit of defendants with court-appointed counsel in the related cases of *United States v. Liban Yasin Alishire et al.*, No. 22-cr-222 (NEB/TNL); *United States v. Aimee Marie Bock et al.*, No. 22-cr-223 (NEB/TNL); *United States v. Qamar Ahmed Hassan et al.*, No. 22-cr-224 (NEB/TNL); *United States v. Sharmake Jama et al.*, No. 22-cr-225 (NEB/TNL); and *United States v. Haji Osman Salad et al.*, No. 22-cr-226 (NEB/TNL), his motion is denied without prejudice. Any request for the appointment of a Coordinating Discovery Attorney shall be made by motion in the applicable case by an attorney of record in that matter.

- Managing and, unless otherwise agreed upon with the Government, distributing discovery produced by the Government and relevant third-party information common to court-appointed defense counsel for these defendants;

- Evaluating the volume and type of discovery to determine what technologies will ensure that duplicative costs are avoided and that the most efficient and cost-effective methods are identified;

- Acting as a liaison with the United States Attorney's Office to ensure the timely and effective exchange of discovery;

- Identifying, evaluating, and engaging third-party vendors and other litigation support services;

- Assessing the needs of court-appointed defense counsel and further identifying any additional vendor support that may be appropriate—including copying, scanning, forensic imaging, data processing, data hosting, trial presentation, and other technology depending on the nature of the case;

- Identifying any additional human resources that may be needed by court-appointed defense counsel for the organization and substantive review of information; and

- Providing training services to court-appointed defense counsel as a group and individually.

The Coordinating Discovery Attorney shall be bound by the Protective Order Governing Discovery, ECF No. 166.

The Coordinating Discovery Attorney's duties do not include providing representation services, and therefore he will not be establishing an attorney-client relationship with any of the defendants in this case. Discovery intended for court-appointed counsel of a specific defendant and not to be shared among all court-appointed defense counsel shall be produced by the Government directly to court-appointed defense counsel for that defendant. For discovery common to all defendants with court-appointed counsel in this case ("common discovery"), discovery issues specific to any defendant shall be addressed by court-appointed defense counsel directly with the Government and not through the Coordinating Discovery

Attorney.

For common discovery that has already been produced by the Government prior to the entry of this Order, the Government shall provide a copy to the Coordinating Discovery Attorney. Additional common discovery not already produced shall be provided directly to the Coordinating Discovery Attorney, who shall duplicate and distribute the discovery to all court-appointed defense counsel in this case, unless otherwise agreed to by the parties. When the Government elects to produce discovery directly to court-appointed defense counsel, it shall simultaneously provide a copy to the Coordinating Discovery Attorney. The Government shall work with the Coordinating Discovery Attorney to provide discovery in a timely manner.

The Court acknowledges that the Coordinating Discovery Attorney's time and the time spent by his staff will be paid by the Administrative Office of the U.S. Courts, Defender Services Office. The Coordinating Discovery Attorney shall petition this Court, *ex parte*, for funds for outside services. The Coordinating Discovery Attorney shall monitor all vendor invoices to confirm the work that was performed. All petitions for outside services shall include a basis for the requested funds and a determination that the costs of the services are reasonable.

The Coordinating Discovery Attorney shall also provide this Court with monthly *ex parte* status reports depicting the status of work and whether that work remains within the budget of any funds authorized by the Court, with a copy provided to court-appointed defense counsel.

All prior consistent orders relating to the Superseding Indictment remain in full force

and effect. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Dated: November __17__, 2022                              *s/ Tony N. Leung*
                                                         Tony N. Leung
                                                         United States Magistrate Judge
                                                         District of Minnesota


                                                         *United States v. Farah et al.*
                                                         Case No. 22-cr-124 (NEB/TNL)