UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 22-cr-124(1) (NEB/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Abdiaziz Shafii Farah, | |
| Defendant. | |

Chelsea A. Walcker, Craig R. Baune, Harry Jacobs, Joseph Scott Teirab, Joseph H. Thompson, and Matthew S. Ebert, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Andrew S. Birrell and Ian S. Birrell, Birrell Law Firm PLLC, 333 South Seventh Street, Suite 3020, Minneapolis, MN 55402 (for Defendant).

This matter is before the Court on Defendant Abdiaziz Shafii Farah's Unopposed Motion for Reconsideration of Detention and for Release Subject to Conditions, ECF No. 184. The Court finds that the matter is suitable for determination without a hearing and is submitted on the papers.

Under 18 U.S.C. § 3142(f), a detention hearing may be reopened when there is information that was not known at the time of the hearing "that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of [the person detained] . . . and the safety of any other person and the community." Section 3142(f)'s function "is to allow parties to present new information that increases the likelihood a defendant would appear in court or decrease[s] the

potential danger a defendant poses to an individual or the community as a whole." *United States v. White*, No. 19-cr-204 (ECT/BRT), 2020 U.S. Dist. LEXIS 63741, at *4 (D. Minn. Apr. 1, 2020); *see also United States v. Elburki*, No. 19-00406-01-CR-W-RK, 2022 WL 1307092, at *2 (W.D. Mo. May 2, 2022) ("By its express terms, [§ 3142(f)] applies to reconsideration of a detention order and provides that reconsideration is permissible 'only when there is new information that would materially influence the judgment' concerning potential flight risk and potential harm to any other person or the community." (quoting *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003)).

The history of Defendant's pretrial detention and proceedings related thereto is fully set forth in the Court's October 31, 2022 Order, ECF No. 152. In brief, Defendant was previously detained based on a finding that there is no condition or combination of conditions that would reasonably assure that Defendant would not flee. As reflected in Defendant's motion, Defendant and the Government have met and conferred and arrived at proposed conditions of release pursuant to which the Government does not oppose Defendant's motion for reconsideration and release. The parties have also consulted with U.S. Probation and Pretrial Services regarding proposed conditions of release. *See* ECF No. 199. The Court finds that the modified conditions and bond presented to the Court by U.S. Probation and Pretrial Services, signed by Defendant, and the Government's approval of such terms of conditional release and bond, has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of Defendant as required.

Based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Unopposed Motion for Reconsideration of Detention and for Release Subject to Conditions, ECF No. 184, is **GRANTED**, subject to the terms and conditions of the Order Setting Conditions of Release and the Appearance Bond, signed by the undersigned on December 20, 2022.

Date: December  20 , 2022            *s/ Tony N. Leung*
                                      Tony N. Leung
                                      United States Magistrate Judge
                                      District of Minnesota


                                      *United States v. Farah*
                                      Case No. 22-cr-124(1) (NEB/TNL)