# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Abdiaziz Shafii Farah *et al.*,<br><br>　　　　Defendants. | Case No. 22-cr-124 (NEB/TNL)<br><br>**SECOND AMENDED ARRAIGNMENT NOTICE & CASE MANAGEMENT ORDER** |

**Counsel for all parties are instructed to review this Order carefully and in its entirety as it represents a significant deviation from the schedules that ordinarily govern criminal cases in the District of Minnesota.**

\*\*\*

This matter comes before the Court on Defendant Abdimajid Mohamed Nur's Motion to Modify First Amended Arraignment Notice and Case Management Order, ECF No. 227. This matter was previously designated complex under 18 U.S.C. § 3161(h)(7)(B)(ii). *See generally* ECF No. 125.

Defendant Abdimajid Mohamed Nur states that his counsel "have had a delay in obtaining the discovery in this matter and are requesting an additional 30 days to review the discovery and file any motions that may be needed." ECF No. 227 at 1. Defendant Abdimajid Mohamed Nur further states that he anticipates that the requested extension "would not require resetting of the June 15, 2023 motions hearing" as "[i]t is likely that . . .

1

[he] will not file additional motions in this case, but wishes additional time to confirm that decision." ECF No. 227 at 1.

In the Court's First Amended Arraignment Notice & Case Management Order, the Court stated that "any response to . . . a [party's] request [to modify the schedule] shall be filed within three days." ECF No. 215 at 6. Defendant Abdimajid Mohamed Nur's motion was filed on May 2, 2023. No responses have been filed.[1]

Due to the complexity of this case, Defendant Abdimajid Mohamed Nur's wait-and-see proposal is unworkable. Under Defendant Abdimajid Mohamed Nur's proposal, the motions-filing deadline would be continued to June 5, at which point the Government would presumably have already responded to the motions presently filed by his co-defendants,[2] but still leaving all parties in limbo while Defendant Abdimajid Mohamed Nur decides whether to file motions. Then, should Defendant Abdimajid Mohamed Nur file motions, an additional response period would be required along with the resetting of other deadlines, including but not limited to the motions hearing.

Moreover, based on a cursory review of certain recent pretrial filings by Defendant Abdimajid Mohamed Nur's co-defendants, it is the Court's understanding that, "on April 28, 2023, [defense] counsel received notice of an additional, 256 GB collection of disclosures [from the Government], including reports of 57 previously undisclosed

---

[1] The Court previously noted that Defendants Abdiaziz Shafii Farah and Mohamed Jama Ismail have both "assert[ed] their speedy trial rights to the fullest." ECF No. 165 at 3 (quotation omitted); *see* ECF Nos. 155 at 2, 156 at 2. Again, no objections have been filed in response to the requested extension. The Court additionally notes that Defendants Abdiaziz Shafii Farah and Mohamed Jama Ismail are no longer in custody. *See generally* ECF Nos. 202, 203, 204, 209, 208, 209, 210.

[2] Under the First Amended Arraignment Notice & Case Management Order, all responses to motions and any notice of intent to call witnesses are presently due on May 25, 2023. ECF No. 215 at 4-5.

interviews, 252 new grand jury subpoenas, grand jury exhibits and transcripts, email and location search warrants, and court documents." ECF No. 228 at 3; *see also, e.g.*, ECF Nos. 232 at 9 n.1, 249 at 9, 259 at 3, 263 at 3. These materials were produced less than one week before the May 4, 2023 motions-filing deadline set forth in the First Amended Arraignment Notice & Case Management Order. ECF No. 215 at 4. Additionally, at least one defendant may still be "waiting upon additional discovery from the Government." ECF No. 259 at 3; *accord* ECF No. 263 at 3. Accordingly, the Court finds good cause under the circumstances to continue the motions-filing and related pretrial deadlines, including but not limited to the motions hearing, as to all Defendants.

Bearing in mind the complexity of this case, the voluminous discovery, the absence of any objection to the requested continuance, the practical difficulties associated with dueling pre-trial deadlines, and the recent disclosures by the Government, the Court finds pursuant to 18 U.S.C. § 3161(h) that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendants in a speedy trial and such continuance is necessary to provide Defendants and their counsel reasonable time necessary for effective preparation and to make efficient use of the parties' resources. Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendant Abdimajid Mohamed Nur's Motion to Modify First Amended Arraignment Notice and Case Management Order, ECF No. 227, is **GRANTED IN PART** and **DENIED IN PART**.

2. The period of time from **the date of this Order through June 5, 2023**,[3] shall be excluded from Speedy Trial Act computations in this case. *See United States v. Mallett*, 751 F.3d 907, 911 (8th Cir. 2014) ("Exclusions of time attributable to one defendant apply to all codefendants." (quotation omitted)); *United States v. Arrellano-Garcia*, 471 F.3d 897, 900 (8th Cir. 2006) (same).

3. As to Defendants Mohamed Jama Ismail, Abdimajid Mohamed Nur, and Hayat Mohamed Nur, an arraignment hearing will be held before the undersigned on **July 17, 2023, at 10:00 a.m.**, in Courtroom 9W, Diana E. Murphy United States Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.

4. This Court previously issued an Order on Pretrial Disclosure & Preservation, ECF No. 139, which "proactively addresse[d] certain non-dispositive motions that are commonly filed in the District of Minnesota, which seek discovery, notice of intent to introduce certain types of evidence, preservation of rough notes, and disclosure of evidence favorable to a defendant under *Brady v. Maryland*, 373 U.S. 83 (1963), and related authorities." ECF No. 139 at 3. "These motions often seek relief that is already required by the Federal Rules of Criminal Procedure, Federal Rules of Evidence, and federal law." ECF No. 139 at 3. "To promote the efficient management of these related cases, the Court issue[d the Order on Pretrial Disclosure & Preservation] to preemptively address such

---

[3] The Court has become aware of a typographical error in the First Amended Arraignment Notice & Case Management Order. The First Amended Arraignment Notice & Case Management Order excluded time up through June 14, 2023. ECF No. 215 at 3. This date should have been May 4, 2023, corresponding with the motion-filing deadline. *Compare* ECF No. 165 at 6-7 (Paragraphs 7 and 15) *with* ECF No. 215 at 3-4 (Paragraphs 3 and 8). Although regrettable, this typographical error had no effect on Speedy Trial Act computations in this case. *See* 18 U.S.C. § 3161(h)(1)(D) (excluding time "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion").

matters without the need for each defendant to file multiple motions on these subjects." ECF No. 139 at 3.  **Before filing any pretrial motions, a party shall consult the prior Order on Pretrial Disclosure & Preservation.**

5. All motions in the above-entitled case must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **June 5, 2023**.[4]  *See* D. Minn. LR 12.1(c)(1).  Two courtesy copies of all motions and responses must be delivered directly to the chambers of Magistrate Judge Tony N. Leung.[5]

6. **Counsel must electronically file a letter on or before June 5, 2023, if no motions will be filed and there is no need for hearing**.

7. All responses to motions must be filed by **June 26, 2023**.  *See* D. Minn. LR 12.1(c)(2).

8. Any Notice of Intent to Call Witnesses must be filed by **June 26, 2023**.  *See* D. Minn. LR. 12.1(c)(3)(A).

9. Any Responsive Notice of Intent to Call Witnesses must be filed by **July 5, 2023**.  *See* D. Minn. LR 12.1(c)(3)(B).

10. A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

> a. The Government makes timely disclosures and a defendant identifies in the motions particularized matters for which an evidentiary hearing is necessary; or

---

[4] "Before filing a motion under Fed. R. Crim. P. 12(b), the moving party must confer with the responding party.  The parties must attempt in good faith to clarify and narrow the issues in dispute."  D. Minn. LR 12.1(b).
[5] U.S. Mail or hand-deliver to 300 South Fourth Street, Suite 9W, Minneapolis, MN 55415.

      b.    Oral argument is requested by either party in its motion, objection or response pleadings.

11.    If required, the motions hearing must be heard before Magistrate Judge Tony N. Leung on **July 17, 2023, at 10:00 a.m.**, in Courtroom 9W, Diana E. Murphy United States Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.  *See* D. Minn. LR 12.1(d).  **The parties shall be prepared to continue the hearing into July 18, 2023, if necessary.**

12.    **TRIAL:**

    a.    **IF NO PRETRIAL MOTIONS ARE FILED BY A DEFENDANT, the following trial and trial-related dates are:**

All voir dire questions, **motions for counsel to participate in voir dire**, and jury instructions must be submitted to District Judge Nancy E. Brasel on or before **August 28, 2023**.

This case must commence trial on **September 11, 2023 at 9:00 a.m.** before District Judge Nancy E. Brasel in Courtroom 13W, Diana E. Murphy United States Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.

    **b.**    **IF PRETRIAL MOTIONS ARE FILED, the trial date, and other related dates, including but not limited to motions for counsel to participate in voir dire, will be rescheduled following the ruling on pretrial motions.  Counsel must contact the Courtroom Deputy for District Judge Nancy E. Brasel to confirm the new trial date.**

13. **Should a party request modification of this schedule, any response to such a request shall be filed within three days.**

14. All prior consistent orders relating to the Superseding Indictment remain in full force and effect.

15. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: May __10__, 2023         *s/ Tony N. Leung*
                               Tony N. Leung
                               United States Magistrate Judge
                               District of Minnesota

                               *United States v. Farah et al.*
                               Case No. 22-cr-124 (NEB/TNL)