**COURT'S FINAL JURY INSTRUCTIONS**

*United States of America v. Abdiaziz Shafii Farah, Mohamed Jama Ismail, Abdimajid Mohamed Nur, Said Shafii Farah, Abdiwahab Maalim Aftin, Mukhtar Mohamed Shariff, and Hayat Mohamed Nur*

Criminal No. 22-CR-124 (NEB/TNL)

JURY INSTRUCTION NO. 1
**Introduction**

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I will now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because *all* are important. This is true even though some of those I gave you at the beginning of or during trial are not repeated here.

The instructions I am about to give you now, as well as those I gave you earlier, are in writing and will be available to you in the jury room. Again, all instructions, whenever given and whether in writing or not, must be followed.

JURY INSTRUCTION NO. 2
**Duty of Jury**

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

You should not be influenced by any person's race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may express without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

JURY INSTRUCTION NO. 3
**Evidence; Limitations**

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents, other things received as exhibits, and the facts that have been stipulated—this is, formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I will list those things again for you now:

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, you were instructed that some evidence was received for a limited purpose only, and you must follow that instruction.

JURY INSTRUCTION NO. 4
**Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. Therefore, you need to consider whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

You should judge the testimony of defendant Shariff in the same manner as you judge the testimony of any other witness.

JURY INSTRUCTION NO. 5
**Opinion Evidence—Expert Witness**

You have heard testimony from a person described as an expert. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it and give it as much weight as you think it deserves, considering the witness' education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

JURY INSTRUCTION NO. 6
**Rule 1006 Summary Charts**

You will remember that certain summary charts were admitted in evidence. You may use those summary charts as evidence, even if all of the underlying documents and records are not here.

JURY INSTRUCTION NO. 7
**Demonstrative Summaries Not Received in Evidence**

Certain charts and summaries have been shown to you but not put into evidence in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case. Those charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard those charts and summaries and determine the facts from the books, records or other underlying evidence.

JURY INSTRUCTION NO. 8
**Testimony Under Grant of Immunity or Plea Bargain**

You have heard evidence that Hadith Ahmed has made a plea agreement with the prosecution. His testimony was received in evidence and may be considered by you. You may give his testimony such weight as you think it deserves. Whether or not his testimony may have been influenced by the plea agreement is for you to determine.

Mr. Ahmed's guilty plea cannot be considered by you as any evidence of these defendants' guilt. His guilty plea can be considered by you only for the purpose of determining how much, if at all, to rely upon his testimony.

JURY INSTRUCTION NO. 9
**Credibility—Cooperating Witness**

You have heard evidence that Hadith Ahmed hopes to receive a reduced sentence on criminal charges pending against him or her in return for their cooperation with the prosecution in this case. This witness entered into a plea agreement with the prosecution that provides, among other things, an agreement that the prosecution will recommend a less severe sentence than the witness would have faced if they had not cooperated. The Court has no power to reduce a sentence for substantial assistance unless the prosecution, acting through the United States Attorney, files a motion for a downward departure. If such a motion is filed by the prosecution, then it is up to the Court to decide whether to reduce the sentence at all, and if so, how much to reduce it.

You may give the testimony of Mr. Ahmed such weight as you think it deserves. Whether or not testimony of a witness may have been influenced by their hope of receiving a reduced sentence is for you to decide.

JURY INSTRUCTION NO. 10
**Credibility Of Witness—Alleged Accomplice**

An alleged accomplice is someone who claims to have participated in the commission of the crime. Such testimony must be examined and weighed with greater care than the testimony of a witness who does not claim to have participated in the commission of the crime.

The witness who fits this description is Hadith Ahmed.

You must determine whether the testimony of the alleged accomplice has been affected by self-interest, or by an agreement made with the government, or by his or her own interest in the outcome of this case, or by prejudice against defendants.

The fact that an alleged accomplice has entered or agreed to enter a plea of guilty to the offense charged is not evidence of the guilt of any other person, including defendants. The witness' guilty plea cannot be considered by you as any evidence of these defendants' guilt. The witness' guilty plea can be considered by you only for the purpose of determining how much, if at all, to rely upon the witness' testimony.

10

JURY INSTRUCTION NO. 11

**Description of Charges; Indictment Not Evidence; Presumption of Innocence; Burden of Proof**

The indictment in this case collectively charges the defendants with forty-one crimes set forth below:

***Abdiaziz Shafii Farah***

The indictment in this case charges Abdiaziz Shafii Farah with 24 different crimes, namely: Wire Fraud Conspiracy in Count 1; Wire Fraud in Counts 2, 5, 6, 7, 9, 10, and 11; Conspiracy to Commit Federal Programs Bribery Count 13; Federal Programs Bribery in Counts 14 and 17; Conspiracy to Commit Money Laundering in Count 20; Money Laundering in Counts 22, 23, 24, 25, 26, 29, 32, 33, 37, 39, and 42; and False Statement in a Passport Application in Count 43.

***Mohamed Jama Ismail***

The indictment in this case charges Mohamed Jama Ismail with 4 different crimes, namely: Wire Fraud Conspiracy in Count 1; Wire Fraud in Count 2; Conspiracy to Commit Money Laundering in Count 20; and Money Laundering in Count 28.

***Abdimajid Mohamed Nur***

The indictment in this case charges Abdimajid Mohamed Nur with 13 different crimes, namely: Wire Fraud Conspiracy in Count 1; Wire Fraud in Counts 3, 4, 6, and 12; Conspiracy to Commit Money Laundering in Count 20; and Money Laundering in Counts 24, 25, 29, 34, 35, 38, 41.

*Said Shafii Farah*

The indictment in this case charges Said Shafii Farah with 9 different crimes, namely: Wire Fraud Conspiracy in Count 1; Wire Fraud in Count 12; Conspiracy to Commit Federal Programs Bribery in Count 13; Federal Programs Bribery in Counts 16, 18, and 19; Conspiracy to Commit Money Laundering in Count 20; and Money Laundering in Counts 21 and 40.

*Abdiwahab Maalim Aftin*

The indictment in this case charges Abdiwahab Maalim Aftin with 3 different crimes, namely: Wire Fraud Conspiracy in Count 1; Conspiracy to Commit Money Laundering in Count 20; and Money Laundering in Count 27.

*Mukhtar Mohamed Shariff*

The indictment in this case charges Mukhtar Mohamed Shariff with 6 different crimes, namely: Wire Fraud Conspiracy in Count 1; Wire Fraud in Count 8; Conspiracy to Commit Federal Programs Bribery in Count 13; Federal Programs Bribery in Count 15; Conspiracy to Commit Money Laundering in Count 20; and Money Laundering in Count 31.

*Hayat Mohamed Nur*

The indictment in this case charges Hayat Mohamed Nur with 5 different crimes, namely: Wire Fraud Conspiracy in Count 1; Wire Fraud in Counts 4, 10, and 11; and Money Laundering in Count 34.

The defendants have each pleaded not guilty to each of the crimes with which they are charged.

The indictment is simply the document that formally charges the defendants with the crime for which they are on trial. The indictment is not evidence. Nor is the chart of counts the Court provided you. At the beginning of the trial, I instructed you that you must presume the defendants to be innocent. Thus, the defendants began the trial with a clean slate, with no evidence against him.

The presumption of innocence alone is sufficient to find the defendants not guilty. This presumption can be overcome as to each charge only if the government proved during the trial, beyond a reasonable doubt, each element of a crime charged.

Keep in mind that you must give separate consideration to the evidence about each individual defendant. Each defendant is entitled to be treated separately, and you must return a separate verdict for each defendant. Also keep in mind that you must consider, separately, each crime charged against each individual defendant, and you must return a separate verdict for each of those crimes charged.

There is no burden upon a defendant to prove that he or she is innocent. Instead, the burden of proof remains on the government throughout the trial. The fact that a defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.

JURY INSTRUCTION NO. 12
**Elements of the Offense—Burden of Proof**

If, for any given count charged in the Indictment, each element of that charged offense has been proved beyond a reasonable doubt as to a defendant, then you must find that defendant guilty of the crime changed under that count. Otherwise, you must find that defendant not guilty of the crime charged under that count.

JURY INSTRUCTION NO. 13
**Reasonable Doubt**

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

JURY INSTRUCTION NO. 14
**Timing of Offenses**

The indictment charges that the offenses alleged in each count were committed "in or about" or "on or about" a certain date. Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

JURY INSTRUCTION NO. 15
**Wire Fraud Conspiracy**

It is a crime for two or more people to agree to commit a crime. The crime of Wire Fraud Conspiracy, as charged in Count 1 of the indictment, has four elements, which are:

*One*, on or before April 2020 through in or about 2022, two or more people reached an agreement to commit the crime of wire fraud;

*Two*, the defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time it was still in effect;

*Three*, at the time the defendant joined in the agreement, the defendant knew the purpose of the agreement;

*Four*, while the agreement was in effect, a person or persons who had joined in the agreement knowingly did one or more acts for the purpose of carrying out or carrying forward the agreement.

Count 1 of the indictment charges conspiracy to commit wire fraud. For you to find that the government has proved a conspiracy, you must unanimously find that there was an agreement to act for this purpose.

The agreement between two of more people to commit the crime of wire fraud does not need to be a formal agreement or be in writing. A verbal or oral understanding can be sufficient to establish an agreement.

It does not matter whether the crime of wire fraud was actually committed or whether the alleged participants in agreement actually succeeded in accomplishing their unlawful plan.

If you have determined that two or more people reached an agreement to commit wire fraud, you must next decide whether the defendant voluntarily and intentionally joined that agreement, either at the time it was first formed or at some later time while it was still in effect. Earlier, in deciding whether two or more people reached an agreement to commit the crime of wire fraud, you could consider the acts and statements of each person alleged to be part of the agreement. Now, in deciding whether a defendant joined the agreement, you may consider only the acts and statements of that defendant.

A person joins an agreement to commit wire fraud by voluntarily and intentionally participating in the unlawful plan with the intent to further the crime of wire fraud. It is not necessary for you to find that the defendant knew all the details of the unlawful plan.

It is not necessary for you to find that the defendant reached an agreement with every person you determine was a participant in the agreement.

Evidence that a person was present at the scene of an event or events, or acted in the same way as others or associated with others, does not, alone, prove that the person joined a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances the purpose of the conspiracy, does not thereby become a member. A person's mere knowledge of the existence of a conspiracy, or mere knowledge

18

that an objective of a conspiracy was being considered or attempted, or mere approval of the purpose of a conspiracy, is not enough to prove that the person joined in a conspiracy.

The agreement may last a long time or a short time. The members of an agreement do not all have to join it at the same time. You may find that someone joined the agreement even if you find that person did not know all of the details of the agreement.

A person may be a member of the agreement even if the person does not know all of the other members of the agreement or the person agreed to play only a minor part in the agreement.

To decide whether the defendant agreed to commit the crime of wire fraud, you should consider the elements of that crime, which I will describe in a moment.

You may consider these elements in determining whether the defendant agreed to commit the crime of wire fraud, keeping in mind that this count of the indictment only charges a conspiracy to commit wire fraud and does not charge that wire fraud was committed.

A person knows the purpose of the agreement if he or she is aware of the agreement and does not participate in it through ignorance, mistake, carelessness, negligence, or accident. It is seldom, if ever, possible to determine directly what was in the defendant's mind. Thus, the defendant's knowledge of the agreement and its purpose can be proved like anything else, from reasonable conclusions drawn from the evidence.

It is not enough that the defendant and other alleged participants in the agreement

to commit the crime of wire fraud simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. The defendant must have known of the existence and purpose of the agreement. Without such knowledge, the defendant cannot be guilty of conspiracy, even if his or her acts furthered the conspiracy.

The defendant does not have to personally commit an act in furtherance of the agreement, know about it, or witness it. It makes no difference which of the participants in the agreement did the act. This is because a conspiracy is a kind of "partnership" so that under the law each member is an agent or partner of every other member and each member is bound by or responsible for the acts of every other member done to further their scheme.

The act done in furtherance of the agreement does not have to be an unlawful act. The act may be perfectly innocent in itself.

It is not necessary that the government prove that more than one act was done in furtherance of the agreement. It is sufficient if the government proves one such act; but in that event, in order to return a verdict of guilty, you must all agree which act was done.

If all the elements for Conspiracy to Commit Wire Fraud for Count 1 have been proved beyond a reasonable doubt, then you must find the defendant guilty of the crime charged under that count; otherwise, you must find the defendant not guilty of the crime charged under that count.

JURY INSTRUCTION NO. 16
**Single Conspiracy**

The indictment charges that the defendants were members of one single conspiracy to commit the crime of wire fraud.

One of the issues you must decide is whether there were really two (or more) separate conspiracies with different purposes and scopes. The government must convince you beyond a reasonable doubt that each defendant was a member of the conspiracy to commit the crime of wire fraud to the scope alleged in the indictment. If the government fails to prove this as to a defendant, then you must find that defendant not guilty of the conspiracy charge, even if you find that he or she was a member of some other conspiracy, including conspiracy among a subset of the smaller group to commit the crime of wire fraud. Proof that the defendant was a member of some conspiracy other than the one alleged in the indictment is not enough to convict.

JURY INSTRUCTION NO. 17
**Wire Fraud**

The crime of Wire Fraud, as charged in Counts 2–12 of the indictment, has three elements, which are:

*One*, the defendant voluntarily and intentionally devised or made up a scheme to defraud, or participated in a scheme to defraud with knowledge of the scheme's fraudulent nature, another out of money or property by means of material false representations or promises;

*Two*, the defendant acted with the intent to defraud; and

*Three*, the defendant used, or caused to be used, an interstate wire communication, that is, an e-mail or a wire transfer of funds, in furtherance of, or in an attempt to carry out, some essential step in the scheme.

The phrase "scheme to defraud" includes any plan or course of action intended to deceive or cheat another out of money or property by employing material falsehoods, concealing material facts, or omitting material facts. It also means the obtaining of money or property from another by means of material false representations or promises. A scheme to defraud need not be fraudulent on its face but must include some sort of fraudulent misrepresentation or promise reasonably calculated to deceive a reasonable person.

A statement or representation is "false" when it is untrue when made or effectively conceals or omits a material fact.

A fact, falsehood, representation, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of a reasonable person in deciding whether to engage or not to engage in a particular transaction. However, whether a fact, falsehood, representation, or promise is "material" does not depend on whether the person was actually deceived.

To act with "intent to defraud" means to act knowingly and with the intent to deceive someone for the purpose of causing some financial loss to another or bringing about some financial gain to oneself or another to the detriment of a third party. With respect to false statements, the defendant must have known the statement was untrue when made or have made the statement with reckless indifference to its truth or falsity.

An "interstate wire communication" is a wire communication that crosses a state line. A "wire communication" includes telephone calls, electronic signals sent by wire (such as a fax or a financial wire), the use of the Internet to send a message (such as an e-mail), and communicating with a website via the Internet.

It is not necessary that the defendant himself or herself contemplate the use of an interstate wire communication or specifically intend that an interstate wire communication be used. It is sufficient if an interstate wire communication was in fact used to carry out the scheme and the use of an interstate wire communication by someone was reasonably foreseeable.

The wire fraud counts of the Indictment charge that each defendant, along with

the other defendants, devised, or participated in a scheme. The Government need not prove, however, that the defendants met together to formulate the scheme charged, or that there was a formal agreement among them, in order for them to be held jointly responsible for the operation of the scheme and the use of a wire transfer or email transmission for the purpose of accomplishing the scheme. It is sufficient if only one person conceives the scheme and the others knowingly, voluntarily and intentionally join in and participate in some way in the operation of the scheme in order for such others to be held jointly responsible.

It is not necessary that the Government prove all the details alleged in the Indictment concerning the precise nature and purpose of the scheme, that any interstate wire communication was itself false or fraudulent, that the alleged scheme actually succeeded in defrauding anyone, or that the use of the interstate wire communication was intended as the specific or exclusive means of accomplishing the alleged fraud.

It is not necessary that the Government prove that any interstate wire communication was an essential part of the scheme. A wire communication may be routine or sent for a legitimate purpose so long as it assists in carrying out the fraud.

If all the elements for Wire Fraud for Counts 2 through 12 have been proved beyond a reasonable doubt for the count you are considering, then you must find the defendant guilty of the crime charged under that count; otherwise, you must find the defendant not guilty of the crime charged under that count.

JURY INSTRUCTION NO. 18
**Conspiracy to Commit Federal Programs Bribery**

The crime of Conspiracy to Commit Federal Programs Bribery, as charged in Count 13 of the indictment, has four elements, which are:

*One*, two or more people reached an agreement to commit the crime of federal programs bribery;

*Two*, the defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time it was still in effect;

*Three*, at the time the defendant joined in the agreement, the defendant knew the purpose of the agreement; and

*Four*, while the agreement was in effect, a person or persons who had joined in the agreement knowingly did one or more acts for the purpose of carrying out or carrying forward the agreement.

For you to find that the government has proved a conspiracy, you must unanimously find that there was an agreement to act for this purpose. The agreement between two of more people to commit the crime of federal programs bribery does not need to be a formal agreement or be in writing. A verbal or oral understanding can be sufficient to establish an agreement.

It does not matter whether the crime of federal programs bribery was actually committed or whether the alleged participants in agreement actually succeeded in accomplishing their unlawful plan.

25

If you have determined that two or more people reached an agreement to commit federal programs bribery, you must next decide whether the defendant voluntarily and intentionally joined that agreement, either at the time it was first formed or at some later time while it was still in effect. Earlier, in deciding whether two or more people reached an agreement to commit the crime of federal programs bribery, you could consider the acts and statements of each person alleged to be part of the agreement. Now, in deciding whether a defendant joined the agreement, you may consider only the acts and statements of that defendant.

A person joins an agreement to commit federal programs bribery by voluntarily and intentionally participating in the unlawful plan with the intent to further the crime of federal programs bribery. It is not necessary for you to find that the defendant knew all the details of the unlawful plan.

It is not necessary for you to find that the defendant reached an agreement with every person you determine was a participant in the agreement.

Evidence that a person was present at the scene of an event or events, or acted in the same way as others or associated with others, does not, alone, prove that the person joined a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances the purpose of the conspiracy, does not thereby become a member. A person's mere knowledge of the existence of a conspiracy, or mere knowledge that an objective of a conspiracy was being considered or attempted, or mere approval of

26

the purpose of a conspiracy, is not enough to prove that the person joined in a conspiracy.

The agreement may last a long time or a short time. The members of an agreement do not all have to join it at the same time. You may find that someone joined the agreement even if you find that person did not know all of the details of the agreement.

A person may be a member of the agreement even if the person does not know all of the other members of the agreement or the person agreed to play only a minor part in the agreement.

To decide whether the defendant agreed to commit the crime of federal programs bribery, you should consider the elements of that crime, which I will describe in a moment.

You may consider these elements in determining whether the defendant agreed to commit the crime of federal programs bribery, keeping in mind that this count of the indictment only charges a conspiracy to commit federal programs bribery and does not charge that federal programs bribery was committed.

A person knows the purpose of the agreement if he or she is aware of the agreement and does not participate in it through ignorance, mistake, carelessness, negligence, or accident. It is seldom, if ever, possible to determine directly what was in the defendant's mind. Thus, the defendant's knowledge of the agreement and its purpose can be proved like anything else, from reasonable conclusions drawn from the evidence.

It is not enough that the defendant and other alleged participants in the agreement

to commit the crime of federal programs bribery simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. The defendant must have known of the existence and purpose of the agreement. Without such knowledge, the defendant cannot be guilty of conspiracy, even if his or her acts furthered the conspiracy.

The defendant does not have to personally commit an act in furtherance of the agreement, know about it, or witness it. It makes no difference which of the participants in the agreement did the act. This is because a conspiracy is a kind of "partnership" so that under the law each member is an agent or partner of every other member and each member is bound by or responsible for the acts of every other member done to further their scheme.

The act done in furtherance of the agreement does not have to be an unlawful act. The act may be perfectly innocent in itself.

It is not necessary that the Government prove that more than one act was done in furtherance of the agreement. It is sufficient if the Government proves one such act; but in that event, in order to return a verdict of guilty, you must all agree which act was done.

If all the elements for Conspiracy to Commit Federal Programs Bribery for Count 13 have been proved beyond a reasonable doubt, then you must find the defendant guilty of the crime charged under that count; otherwise, you must find the defendant not guilty of the crime charged under that count.

JURY INSTRUCTION NO. 19
**Single Conspiracy**

The indictment charges that defendants Abdiaziz Farah, Said Farah, and Mukhtar Shariff were members of one single conspiracy to commit the crime of federal programs bribery.

One of the issues you must decide is whether there were really two (or more) separate conspiracies with different purposes and scopes. The prosecution must convince you beyond a reasonable doubt that each of the defendants named above was a member of the conspiracy to commit the crime of federal programs bribery to the scope alleged in the indictment. If the prosecution fails to prove this as to a defendant, then you must find that defendant not guilty of the conspiracy charge, even if you find that he or she was a member of some other conspiracy, including conspiracy among a subset of the smaller group to commit the crime of federal programs bribery. Proof that the defendant was a member of some conspiracy other than the one alleged in the indictment is not enough to convict.

JURY INSTRUCTION NO. 20
**Federal Programs Bribery**

<u>(Abdiaziz Farah)</u>

The crime of Federal Programs Bribery, as charged in Count 14 of the indictment, has four elements, which are:

*One*, Hadith Ahmed was an agent of Feeding Our Future;

*Two*, Abdiaziz Farah corruptly gave, offered, or agreed to give $10,000 to Hadith Ahmed in connection with Feeding Our Future sponsoring his and his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Three*, the transaction involved something of value of $5,000 or more; and

*Four*, Feeding Our Future received benefits in excess of $10,000 in the one-year period beginning on or about February 1, 2021, pursuant to the Federal Child Nutrition Program.

As used in this instruction, the term "agent" means a person authorized to act on behalf of Feeding Our Future for purposes of administrating funds in connection with the Federal Child Nutrition Program.

As used in this instruction, the term "corruptly" means that Abdiaziz Farah acted voluntarily and intentionally and, at least in part, influence or induce Hadith Ahmed to cause, or reward Hadith Ahmed for causing, Feeding Our Future to sponsor Abdiaziz Farah and his co-conspirators' fraudulent participation in the Federal Child Nutrition Program.

30

If all the elements for Federal Program Bribery for Count 14 have been proved beyond a reasonable doubt, then you must find Abdiaziz Farah guilty of the crime charged under that count; otherwise, you must find Abdiaziz Farah not guilty of the crime charged under that count.

JURY INSTRUCTION NO. 21
**Federal Programs Bribery**

<u>(Mukhtar Shariff)</u>

The crime of Federal Programs Bribery, as charged in Count 15 of the indictment, has four elements, which are:

*One*, Ikram Mohamed was an agent of Feeding Our Future;

*Two*, Mukhtar Shariff corruptly gave, offered, or agreed to give $250,000 to Ikram Mohamed in connection with Feeding Our Future sponsoring his and his co-conspirators' fraudulent participation in the Federal Child Nutrition Program.

*Three*, the transaction involved something of value of $5,000 or more; and

*Four*, Feeding Our Future received benefits in excess of $10,000 in the one-year period beginning on or about June 9, 2021, pursuant to the Federal Child Nutrition Program.

As used in this instruction, the term "agent" means a person authorized to act on behalf of Feeding Our Future for purposes of administrating funds in connection with the Federal Child Nutrition Program.

As used in this instruction, the term "corruptly" means that Mukhtar Shariff acted voluntarily and intentionally and, at least in part, to influence or induce Ikram Mohamed to cause, or reward Ikram Mohamed for causing, Feeding Our Future to sponsor Mukhtar Shariff and his co-conspirators' fraudulent participation in the Federal Child Nutrition Program.

If all the elements for Federal Program Bribery for Count 15 have been proved beyond a reasonable doubt, then you must find Mukhtar Shariff guilty of the crime charged under that count; otherwise, you must find Mukhtar Shariff not guilty of the crime charged under that count.

JURY INSTRUCTION NO. 22
**Federal Programs Bribery**

<u>(Said Farah)</u>

The crime of Federal Programs Bribery, as charged in Count 16 of the indictment, has four elements, which are:

*One*, Hadith Ahmed was an agent of Feeding Our Future;

*Two*, Said Farah corruptly gave, offered, or agreed to give $65,250 to Hadith Ahmed through Mizal Consulting in connection with Feeding Our Future sponsoring his and his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Three*, the transaction involved something of value of $5,000 or more; and

*Four*, Feeding Our Future received benefits in excess of $10,000 in the one-year period beginning on or about July 25, 2021, pursuant to the Federal Child Nutrition Program.

As used in this instruction, the term "agent" means a person authorized to act on behalf of Feeding Our Future for purposes of administrating funds in connection with the Federal Child Nutrition Program.

As used in this instruction, the term "corruptly" means that Said Farah acted voluntarily and intentionally and, at least in part, to influence or induce Hadith Ahmed to cause, or reward Hadith Ahmed for causing, Feeding Our Future to sponsor Said

Farah and his co-conspirators' fraudulent participation in the Federal Child Nutrition Program.

If all the elements for Federal Program Bribery for Count 16 have been proved beyond a reasonable doubt, then you must find Said Farah guilty of the crime charged under that count; otherwise, you must find Said Farah not guilty of the crime charged under that count.

JURY INSTRUCTION NO. 23
**Federal Programs Bribery**

<u>(Abdiaziz Farah)</u>

The crime of Federal Programs Bribery, as charged in Count 17 of the indictment, has four elements, which are:

*One*, Julius Scarver was an agent of Partners in Nutrition;

*Two*, Abdiaziz Farah corruptly gave, offered, or agreed to give $10,000 to Julius Scarver in connection with Partners in Nutrition sponsoring his and his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Three*, the transaction involved something of value of $5,000 or more; and

*Four*, Partners in Nutrition received benefits in excess of $10,000 in the one-year period beginning on or about August 13, 2021, pursuant to the Federal Child Nutrition Program.

As used in this instruction, the term "agent" means a person authorized to act on behalf of Partners in Nutrition for purposes of administrating funds in connection with the Federal Child Nutrition Program.

As used in this instruction, the term "corruptly" means that Abdiaziz Farah acted voluntarily and intentionally and, at least in part, to influence or induce Julius Scarver to cause, or reward Julius Scarver for causing, Partners in Nutrition to sponsor Abdiaziz Farah and his co-conspirators' fraudulent participation in the Federal Child Nutrition Program.

If all the elements for Federal Program Bribery for Count 17 have been proved beyond a reasonable doubt, then you must find Abdiaziz Farah guilty of the crime charged under that count; otherwise, you must find Abdiaziz Farah not guilty of the crime charged under that count.

JURY INSTRUCTION NO. 24
**Federal Programs Bribery**

<u>(Said Farah)</u>

The crime of Federal Programs Bribery, as charged in Count 18 of the indictment, has four elements, which are:

*One*, Hadith Ahmed was an agent of Feeding Our Future;

*Two*, Said Farah corruptly gave, offered, or agreed to give $35,000 to Hadith Ahmed through Mizal Consulting in connection with Feeding Our Future sponsoring his and his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Three*, the transaction involved something of value of $5,000 or more; and

*Four*, Feeding Our Future received benefits in excess of $10,000 in the one-year period beginning on or about September 9, 2021, pursuant to the Federal Child Nutrition Program.

As used in this instruction, the term "agent" means a person authorized to act on behalf of Feeding Our Future for purposes of administrating funds in connection with the Federal Child Nutrition Program.

As used in this instruction, the term "corruptly" means that Said Farah acted voluntarily and intentionally and, at least in part, to influence or induce Hadith Ahmed to cause, or reward Hadith Ahmed for causing, Feeding Our Future to sponsor Said

Farah and his co-conspirators' fraudulent participation in the Federal Child Nutrition Program.

If all the elements for Federal Program Bribery for Count 18 have been proved beyond a reasonable doubt, then you must find Said Farah guilty of the crime charged under that count; otherwise, you must find Said Farah not guilty of the crime charged under that count.

JURY INSTRUCTION NO. 25
**Federal Programs Bribery**

<u>(Said Farah)</u>

The crime of Federal Programs Bribery, as charged in Count 19 of the indictment, has four elements, which are:

*One*, Hadith Ahmed was an agent of Feeding Our Future;

*Two*, Said Farah corruptly gave, offered, or agreed to give $20,000 to Hadith Ahmed through Mizal Consulting in connection with Feeding Our Future sponsoring his and his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Three*, the transaction involved something of value of $5,000 or more; and

*Four*, Feeding Our Future received benefits in excess of $10,000 in the one-year period beginning on or about October 11, 2021, pursuant to the Federal Child Nutrition Program.

As used in this instruction, the term "agent" means a person authorized to act on behalf of Feeding Our Future for purposes of administrating funds in connection with the Federal Child Nutrition Program.

As used in this instruction, the term "corruptly" means that Said Farah acted voluntarily and intentionally and, at least in part, to influence or induce Hadith Ahmed to cause, or reward Hadith Ahmed for causing, Feeding Our Future to sponsor Said

Farah and his co-conspirators' fraudulent participation in the Federal Child Nutrition Program.

If all the elements for Federal Program Bribery for Count 19 have been proved beyond a reasonable doubt, then you must find Said Farah guilty of the crime charged under that count; otherwise, you must find Said Farah not guilty of the crime charged under that count.

JURY INSTRUCTION NO. 26
**Conspiracy to Commit Money Laundering**

The crime of Conspiracy to Commit Money Laundering, as charged in Count 20 of the indictment, has four elements:

*One*, two or more people reached an agreement to commit the crime of money laundering;

*Two*, the defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time it was still in effect;

*Three*, at the time the defendant joined in the agreement, the defendant knew the purpose of the agreement; and

*Four*, while the agreement was in effect, a person or persons who had joined in the agreement knowingly did one or more acts for the purpose of carrying out or carrying forward the agreement.

Count 20 of the indictment charges conspiracy to commit money laundering. For you to find that the government has proved a conspiracy, you must unanimously find that there was an agreement to act for this purpose.

The agreement between two of more people to commit the crime of money laundering does not need to be a formal agreement or be in writing. A verbal or oral understanding can be sufficient to establish an agreement.

42

It does not matter whether the crime of money laundering was actually committed or whether the alleged participants in agreement actually succeeded in accomplishing their unlawful plan.

If you have determined that two or more people reached an agreement to commit money laundering, you must next decide whether the defendant voluntarily and intentionally joined that agreement, either at the time it was first formed or at some later time while it was still in effect. Earlier, in deciding whether two or more people reached an agreement to commit the crime of money laundering, you could consider the acts and statements of each person alleged to be part of the agreement. Now, in deciding whether a defendant joined the agreement, you may consider only the acts and statements of that defendant.

A person joins an agreement to commit money laundering by voluntarily and intentionally participating in the unlawful plan with the intent to further the crime of money laundering. It is not necessary for you to find that the defendant knew all the details of the unlawful plan.

It is not necessary for you to find that the defendant reached an agreement with every person you determine was a participant in the agreement.

Evidence that a person was present at the scene of an event or events, or acted in the same way as others or associated with others, does not, alone, prove that the person joined a conspiracy. A person who has no knowledge of a conspiracy, but who happens

43

to act in a way that advances the purpose of the conspiracy, does not thereby become a member. A person's mere knowledge of the existence of a conspiracy, or mere knowledge that an objective of a conspiracy was being considered or attempted, or mere approval of the purpose of a conspiracy, is not enough to prove that the person joined in a conspiracy.

The agreement may last a long time or a short time. The members of an agreement do not all have to join it at the same time. You may find that someone joined the agreement even if you find that person did not know all of the details of the agreement.

A person may be a member of the agreement even if the person does not know all of the other members of the agreement or the person agreed to play only a minor part in the agreement.

To decide whether the defendant agreed to commit the crime money laundering, you should consider the elements of that crime, which are as follows:

*One*, the defendant conducted a financial transaction, which in any way or degree affected interstate or foreign commerce;

*Two*, the defendant conducted the financial transaction with money that involved the proceeds of unlawful activity;

*Three*, at the time the defendant conducted the financial transaction, the defendant knew the money represented the proceeds of some form of unlawful activity; and

*Four*, the defendant conducted the financial transaction knowing that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership or control of the proceeds of the unlawful activity.

Note that these money laundering elements are different than the money laundering elements associated with Counts 21–42. You may consider these elements in determining whether the defendant agreed to commit the crime of money laundering, keeping in mind that this count of the indictment only charges a conspiracy to commit money laundering and does not charge that money laundering was committed.

A person knows the purpose of the agreement if he or she is aware of the agreement and does not participate in it through ignorance, mistake, carelessness, negligence, or accident. It is seldom, if ever, possible to determine directly what was in the defendant's mind. Thus, the defendant's knowledge of the agreement and its purpose can be proved like anything else, from reasonable conclusions drawn from the evidence.

It is not enough that the defendant and other alleged participants in the agreement to commit the crime of money laundering simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. The defendant must have known of the existence and purpose of the agreement. Without such knowledge, the defendant cannot be guilty of conspiracy, even if his or her acts furthered the conspiracy.

The defendant does not have to personally commit an act in furtherance of the agreement, know about it, or witness it. It makes no difference which of the participants

in the agreement did the act. This is because a conspiracy is a kind of "partnership" so that under the law each member is an agent or partner of every other member and each member is bound by or responsible for the acts of every other member done to further their scheme.

The act done in furtherance of the agreement does not have to be an unlawful act. The act may be perfectly innocent in itself.

It is not necessary that the government prove that more than one act was done in furtherance of the agreement. It is sufficient if the Government proves one such act; but in that event, in order to return a verdict of guilty, you must all agree which act was done.

If all the elements for Conspiracy to Commit Money Laundering for Count 20 have been proved beyond a reasonable doubt, then you must find the defendant guilty of the crime charged under that count; otherwise, you must find the defendant not guilty of the crime charged under that count.

JURY INSTRUCTION NO. 27
**Single Conspiracy**

The indictment charges that defendants Abdiaziz Farah, Mohamed Ismail, Abdimajid Nur, Said Farah, Abdiwahab Aftin, and Mukhtar Shariff were members of one single conspiracy to commit the crime of money laundering.

One of the issues you must decide is whether there were really two (or more) separate conspiracies with different purposes and scopes. The prosecution must convince you beyond a reasonable doubt that each of the defendants named above was a member of the conspiracy to commit the crime of money laundering to the scope alleged in the indictment. If the prosecution fails to prove this as to a defendant, then you must find that defendant not guilty of the conspiracy charge, even if you find that he was a member of some other conspiracy, including conspiracy among a subset of the smaller group to commit the crime of money laundering. Proof that the defendant was a member of some conspiracy other than the one alleged in the indictment is not enough to convict.

JURY INSTRUCTION NO. 28
**Money Laundering**

<u>(Said Farah)</u>

The crime of Money Laundering, as charged in Count 21 of the indictment, has

five elements:

*One*, on or about March 11, 2021, Said Farah knowingly caused the payment of a

check for $118,258;

*Two*, that check was of a value greater than $10,000 derived from wire fraud;

*Three*, Said Farah knew that the check involved proceeds of a criminal offense;

*Four*, the payment of the check took place within the United States; and

*Five*, the check in some way or degree affected interstate commerce.

If all the elements for Money Laundering for Count 21 have been proved beyond

a reasonable doubt, then you must find Said Farah guilty of the crime charged under that

count; otherwise, you must find Said Farah not guilty of the crime charged under that

count.

For all money laundering counts, the following rules and definitions apply.

A defendant may be found to have attempted to conduct a financial transaction if

he or she intended to conduct a financial transaction and voluntarily and intentionally

carried out some act which was a substantial step toward conducting that financial

transaction, even if the transaction was never completed.

The term "conducted," as used in this Instruction, includes initiating, concluding,

or participating in initiating or concluding a transaction.

The phrase "financial transaction," as used in this Instruction, means a transaction which in any way or degree affects interstate or foreign commerce involving the movement of funds by wire or other means and/or a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

The phrase "financial institution" includes each agent, agency, branch, or office within the United States of any person doing business, whether or not on a regular basis or as an organized business concern, as a bank and/or money services business. Individuals, groups of individuals, and businesses not formally established as financial institutions, may in fact be a financial institution if they act in one of the capacities I have listed.

The phrase "interstate commerce," as used above, means commerce between any combination of states, territories, and possessions of the United States, including the District of Columbia.

The term "commerce" includes, among other things, travel, trade, transportation and communication.

It is not necessary for the government to show that the defendant actually intended or anticipated an effect on interstate or foreign commerce. All that is necessary is that interstate or foreign commerce was affected as a natural and probable

consequence of the defendant's actions.

The term "proceeds" means any property, or any interest in property, that someone derives from, or obtains or retains, either directly or indirectly, as a result of the commission of wire fraud. It includes the gross receipts of wire fraud. Proceeds can be any kind of property, not just money. It can include personal property, like a car or a piece of jewelry, or real property, like an interest in land. So, for example: if someone robs a bank, the money he takes from the teller is the proceeds of the bank robbery; and if someone steals a car, the car is the proceeds of the theft.

The Government is not required to trace the property it alleges to be proceeds of wire fraud to a particular underlying offense. It is sufficient if the Government proves that the property was the proceeds of wire fraud generally.

The Government need not prove that all of the property involved in the transaction or the transmission or transfer was the proceeds of wire fraud. It is sufficient if the Government proves that at least part of the property represents such proceeds.

The phrase "knew the money represented the proceeds of some form of unlawful activity," means that the defendant knew the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony offense under state or federal law. Thus, the Government need not prove that the defendant specifically knew that the money involved in the financial transaction represented the proceeds of wire fraud or any other specific offense; it need

only prove that the defendant knew it represented the proceeds of some form, though not necessarily which form, of felony under state or federal law. I instruct you as a matter of law that wire fraud is a felony under federal law.

JURY INSTRUCTION NO. 29
**Money Laundering**

(Abdiaziz Farah)

The crime of Money Laundering, as charged in Count 22 of the indictment, has five elements:

*One*, on or about March 15, 2021, Abdiaziz Farah knowingly caused to be made a payment for approximately $500,000;

*Two*, that payment was of a value greater than $10,000 derived from wire fraud;

*Three*, Abdiaziz Farah knew that the payment involved proceeds of a criminal offense;

*Four*, the payment took place within the United States; and

*Five*, the payment in some way or degree affected interstate commerce.

If all the elements for Money Laundering for Count 22 have been proved beyond a reasonable doubt, then you must find Abdiaziz Farah guilty of the crime charged under that count; otherwise, you must find Abdiaziz Farah not guilty of the crime charged under that count.

JURY INSTRUCTION NO. 30
**Money Laundering**

<u>(Abdiaziz Farah)</u>

The crime of Money Laundering, as charged in Count 23 of the indictment, has five elements:

*One*, on or about April 15, 2021, Abdiaziz Farah knowingly caused to be made a wire transfer of approximately $575,000;

*Two*, that wire transfer was of a value greater than $10,000 derived from wire fraud;

*Three*, Abdiaziz Farah knew that the wire transfer involved proceeds of a criminal offense;

*Four*, the wire transfer took place within the United States; and

*Five*, the wire transfer in some way or degree affected interstate commerce.

If all the elements for Money Laundering for Count 23 have been proved beyond a reasonable doubt, then you must find Abdiaziz Farah guilty of the crime charged under that count; otherwise, you must find Abdiaziz Farah not guilty of the crime charged under that count.

JURY INSTRUCTION NO. 31
**Money Laundering**

<u>(Abdiaziz Farah)</u>

The crime of Money Laundering, as charged in Count 24 of the indictment, has five elements:

*One*, on or about May 4, 2021, Abdiaziz Farah knowingly caused to be made a wire transfer of approximately $204,795;

*Two*, that wire transfer was of a value greater than $10,000 derived from wire fraud;

*Three*, Abdiaziz Farah then knew that the wire transfer involved proceeds of a criminal offense;

*Four*, the wire transfer took place within the United States; and

*Five*, the wire transfer in some way or degree affected interstate commerce.

If all the elements for Money Laundering for Count 24 have been proved beyond a reasonable doubt, then you must find Abdiaziz Farah guilty of the crime charged under that count; otherwise, you must find Abdiaziz Farah not guilty of the crime charged under that count.

JURY INSTRUCTION NO. 32
**Money Laundering**

<u>(Abdimajid Nur)</u>

The crime of Money Laundering, as charged in Count 24 of the indictment, has

five elements:

*One*, on or about May 4, 2021, Abdimajid Nur knowingly caused to be made a

wire transfer of approximately $204,795;

*Two*, that wire transfer was of a value greater than $10,000 derived from wire

fraud;

*Three*, Abdimajid Nur knew that the wire transfer involved proceeds of a criminal

offense;

*Four*, the wire transfer took place within the United States; and

*Five*, the wire transfer in some way or degree affected interstate commerce.

If all the elements for Money Laundering for Count 24 have been proved beyond

a reasonable doubt, then you must find Abdimajid Nur guilty of the crime charged under

that count; otherwise, you must find Abdimajid Nur not guilty of the crime charged

under that count.

JURY INSTRUCTION NO. 33
**Money Laundering**

<u>(Abdiaziz Farah)</u>

The crime of Money Laundering, as charged in Count 25 of the indictment, has five elements:

*One*, on or about May 11, 2021, Abdiaziz Farah knowingly caused to be made a wire transfer of approximately $300,000;

*Two*, that wire transfer was of a value greater than $10,000 derived from wire fraud;

*Three*, Abdiaziz Farah knew that the wire transfer involved proceeds of a criminal offense;

*Four*, the wire transfer took place within the United States; and

*Five*, the wire transfer in some way or degree affected interstate commerce.

If all the elements for Money Laundering for Count 25 have been proved beyond a reasonable doubt, then you must find Abdiaziz Farah guilty of the crime charged under that count; otherwise, you must find Abdiaziz Farah not guilty of the crime charged under that count.

JURY INSTRUCTION NO. 34
**Money Laundering**

<u>(Abdimajid Nur)</u>

The crime of Money Laundering, as charged in Count 25 of the indictment, has five elements:

*One*, on or about May 11, 2021, Abdimajid Nur knowingly caused to be made a wire transfer of approximately $300,000;

*Two*, that wire transfer was of a value greater than $10,000 derived from wire fraud;

*Three*, Abdimajid Nur then knew that the wire transfer involved proceeds of a criminal offense;

*Four*, the wire transfer took place within the United States; and

*Five*, the wire transfer in some way or degree affected interstate commerce.

If all the elements for Money Laundering for Count 25 have been proved beyond a reasonable doubt, then you must find Abdimajid Nur guilty of the crime charged under that count; otherwise, you must find Abdimajid Nur not guilty of the crime charged under that count.

JURY INSTRUCTION NO. 35
**Money Laundering**

<u>(Abdiaziz Farah)</u>

The crime of Money Laundering, as charged in Count 26 of the indictment, has five elements:

*One*, on or about May 15, 2021, Abdiaziz Farah knowingly caused to be made a payment of approximately $250,000;

*Two*, that payment was of a value greater than $10,000 derived from wire fraud;

*Three*, Abdiaziz Farah knew that the payment involved proceeds of a criminal offense;

*Four*, the payment took place within the United States; and

*Five*, the payment in some way or degree affected interstate commerce.

If all the elements for Money Laundering for Count 26 have been proved beyond a reasonable doubt, then you must find Abdiaziz Farah guilty of the crime charged under that count; otherwise, you must find Abdiaziz Farah not guilty of the crime charged under that count.

JURY INSTRUCTION NO. 36
**Money Laundering**

(Abdiwahab Aftin)

The crime of Money Laundering, as charged in Count 27 of the indictment, has

five elements:

*One*, on or about May 17, 2021, Abdiwahab Aftin knowingly caused to be made a

wire transfer of approximately $200,000;

*Two*, that wire transfer was of a value greater than $10,000 derived from wire

fraud;

*Three*, Abdiwahab Aftin knew that the wire transfer involved proceeds of a

criminal offense;

*Four*, the wire transfer took place within the United States; and

*Five*, the wire transfer in some way or degree affected interstate commerce.

If all the elements for Money Laundering for Count 27 have been proved beyond

a reasonable doubt, then you must find Abdiwahab Aftin guilty of the crime charged

under that count; otherwise, you must find Abdiwahab Aftin not guilty of the crime

charged under that count.

JURY INSTRUCTION NO. 37
**Money Laundering**

<u>(Mohamed Ismail)</u>

The crime of Money Laundering, as charged in Count 28 of the indictment, has four elements:

*One*, on or about May 27, 2021, Mohamed Ismail knowingly caused to be made a payment of approximately $137,270;

*Two*, that payment was of a value greater than $10,000 derived from wire fraud;

*Three*, Mohamed Ismail knew that the payment involved proceeds of a criminal offense;

*Four*, the payment took place within the United States; and

*Five*, the payment in some way or degree affected interstate commerce.

If all the elements for Money Laundering for Count 28 have been proved beyond a reasonable doubt, then you must find Mohamed Ismail guilty of the crime charged under that count; otherwise, you must find Mohamed Ismail not guilty of the crime charged under that count.

JURY INSTRUCTION NO. 38
**Money Laundering**

<u>(Abdiaziz Farah)</u>

The crime of Money Laundering, as charged in Count 29 of the indictment, has five elements:

*One*, on or about June 1, 2021, Abdiaziz Farah knowingly caused to be made a wire transfer of approximately $206,428;

*Two*, that wire transfer was of a value greater than $10,000 derived from wire fraud;

*Three*, Abdiaziz Farah knew that the wire transfer involved proceeds of a criminal offense;

*Four*, the wire transfer took place within the United States; and

*Five*, the wire transfer in some way or degree affected interstate commerce.

If all the elements for Money Laundering for Count 29 have been proved beyond a reasonable doubt, then you must find Abdiaziz Farah guilty of the crime charged under that count; otherwise, you must find Abdiaziz Farah not guilty of the crime charged under that count.

JURY INSTRUCTION NO. 39
**Money Laundering**

<u>(Abdimajid Nur)</u>

The crime of Money Laundering, as charged in Count 29 of the indictment, has five elements:

*One*, on or about June 1, 2021, Abdimajid Nur knowingly caused to be made a wire transfer of approximately $206,428;

*Two*, that wire transfer was of a value greater than $10,000 derived from wire fraud;

*Three*, Abdimajid Nur knew that the wire transfer involved proceeds of a criminal offense;

*Four*, the wire transfer took place within the United States; and

*Five*, the wire transfer in some way or degree affected interstate commerce.

If all the elements for Money Laundering for Count 29 have been proved beyond a reasonable doubt, then you must find Abdimajid Nur guilty of the crime charged under that count; otherwise, you must find Abdimajid Nur not guilty of the crime charged under that count.

JURY INSTRUCTION NO. 40
**Money Laundering**

<u>(Mukhtar Shariff)</u>

The crime of Money Laundering, as charged in Count 31 of the indictment, has five elements:

*One*, on or about June 9, 2021, Mukhtar Shariff knowingly purchased a cashier's check for approximately $250,000;

*Two*, the cashier's check was of a value greater than $10,000 derived from wire fraud;

*Three*, Mukhtar Shariff knew that the purchase of the cashier's check involved proceeds of a criminal offense;

*Four*, the purchase of the cashier's check took place within the United States; and

*Five*, the purchase of the cashier's check in some way or degree affected interstate commerce.

If all the elements for Money Laundering for Count 31 have been proved beyond a reasonable doubt, then you must find Mukhtar Shariff guilty of the crime charged under that count; otherwise, you must find Mukhtar Shariff not guilty of the crime charged under that count.

JURY INSTRUCTION NO. 41
**Money Laundering**

<u>(Abdiaziz Farah)</u>

The crime of Money Laundering, as charged in Count 32 of the indictment, has five elements:

*One*, on or about July 7, 2021, Abdiaziz Farah knowingly caused a payment of approximately $1,041,986;

*Two*, that payment was of a value greater than $10,000 derived from wire fraud;

*Three*, Abdiaziz Farah knew that the payment involved proceeds of a criminal offense;

*Four*, the payment took place within the United States; and

*Five*, the payment in some way or degree affected interstate commerce.

If all the elements for Money Laundering for Count 32 have been proved beyond a reasonable doubt, then you must find Abdiaziz Farah guilty of the crime charged under that count; otherwise, you must find Abdiaziz Farah not guilty of the crime charged under that count.

.

JURY INSTRUCTION NO. 42
**Money Laundering**

<u>(Abdiaziz Farah)</u>

The crime of Money Laundering, as charged in Count 33 of the indictment, has five elements:

*One*, on or about July 31, 2021, Abdiaziz Farah knowingly caused a payment for approximately $29,083;

*Two*, that payment was of a value greater than $10,000 derived from wire fraud;

*Three*, Abdiaziz Farah knew that the payment involved proceeds of a criminal offense;

*Four*, the payment took place within the United States; and

*Five*, the payment in some way or degree affected interstate commerce.

If all the elements for Money Laundering for Count 33 have been proved beyond a reasonable doubt, then you must find Abdiaziz Farah guilty of the crime charged under that count; otherwise, you must find Abdiaziz Farah not guilty of the crime charged under that count.

JURY INSTRUCTION NO. 43
**Money Laundering**

<u>(Abdimajid Nur)</u>

The crime of Money Laundering, as charged in Count 34 of the indictment, has five elements:

*One*, on or about August 9, 2021, Abdimajid Nur knowingly caused a payment for approximately $11,504;

*Two*, that payment was of a value greater than $10,000 derived from wire fraud;

*Three*, Abdimajid Nur knew that the payment involved proceeds of a criminal offense;

*Four*, the payment took place within the United States; and

*Five*, the payment in some way or degree affected interstate commerce.

If all the elements for Money Laundering for Count 34 have been proved beyond a reasonable doubt, then you must find Abdimajid Nur guilty of the crime charged under that count; otherwise, you must find Abdimajid Nur not guilty of the crime charged under that count.

JURY INSTRUCTION NO. 44
**Money Laundering**

(Hayat Nur)

The crime of Money Laundering, as charged in Count 34 of the indictment, has

five elements:

*One*, on or about August 9, 2021, Hayat Nur knowingly caused a payment for

approximately $11,504;

*Two*, that payment was of a value greater than $10,000 derived from wire fraud;

*Three*, Hayat Nur knew that the payment involved proceeds of a criminal offense;

*Four*, the payment took place within the United States; and

*Five*, the payment in some way or degree affected interstate commerce.

If all the elements for Money Laundering for Count 34 have been proved beyond

a reasonable doubt, then you must find Hayat Nur guilty of the crime charged under that

count; otherwise, you must find Hayat Nur not guilty of the crime charged under that

count.

JURY INSTRUCTION NO. 45
**Money Laundering**

<u>(Abdimajid Nur)</u>

The crime of Money Laundering, as charged in Count 35 of the indictment, has five elements:

*One*, on or about August 17, 2021, Abdimajid Nur knowingly caused a payment for approximately $64,406;

*Two*, that payment was of a value greater than $10,000 derived from wire fraud;

*Three*, Abdimajid Nur knew that the payment involved proceeds of a criminal offense;

*Four*, the payments took place within the United States; and

*Five*, the payment in some way or degree affected interstate commerce.

If all the elements for Money Laundering for Count 35 have been proved beyond a reasonable doubt, then you must find Abdimajid Nur guilty of the crime charged under that count; otherwise, you must find Abdimajid Nur not guilty of the crime charged under that count.

68

JURY INSTRUCTION NO. 46
**Money Laundering**

<u>(Abdiaziz Farah)</u>

The crime of Money Laundering, as charged in Count 37 of the indictment, has five elements:

*One*, on or about August 21, 2021, Abdiaziz Farah knowingly caused a payment for approximately $65,005;

*Two*, that payment was of a value greater than $10,000 derived from wire fraud;

*Three*, Abdiaziz Farah then knew that the payment involved proceeds of a criminal offense;

*Four*, the payment took place within the United States; and

*Five*, the payment in some way or degree affected interstate commerce.

If all the elements for Money Laundering for Count 37 have been proved beyond a reasonable doubt, then you must find Abdiaziz Farah guilty of the crime charged under that count; otherwise, you must find Abdiaziz Farah not guilty of the crime charged under that count.

JURY INSTRUCTION NO. 47
**Money Laundering**

<u>(Abdimajid Nur)</u>

The crime of Money Laundering, as charged in Count 38 of the indictment, has five elements:

*One*, on or about September 1, 2021, Abdimajid Nur knowingly caused a payment for approximately $30,000;

*Two*, that payment was of a value greater than $10,000 derived from wire fraud;

*Three*, Abdimajid Nur knew that the payment involved proceeds of a criminal offense;

*Four*, the payment took place within the United States; and

*Five*, the payment in some way or degree affected interstate commerce.

If all the elements for Money Laundering for Count 38 have been proved beyond a reasonable doubt, then you must find Abdimajid Nur guilty of the crime charged under that count; otherwise, you must find Abdimajid Nur not guilty of the crime charged under that count.

JURY INSTRUCTION NO. 48
**Money Laundering**

(Abdiaziz Farah)

The crime of Money Laundering, as charged in Count 39 of the indictment, has five elements:

*One*, on or about September 20, 2021, Abdiaziz Farah knowingly caused a payment for approximately $150,000;

*Two*, that payment was of a value greater than $10,000 derived from wire fraud;

*Three*, Abdiaziz Farah knew that the payment involved proceeds of a criminal offense;

*Four*, the payment took place within the United States; and

*Five*, the payment in some way or degree affected interstate commerce.

If all the elements for Money Laundering for Count 39 have been proved beyond a reasonable doubt, then you must find Abdiaziz Farah guilty of the crime charged under that count; otherwise, you must find Abdiaziz Farah not guilty of the crime charged under that count.

JURY INSTRUCTION NO. 49
**Money Laundering**

(Said Farah)

The crime of Money Laundering, as charged in Count 40 of the indictment, has five elements:

*One*, on or about September 21, 2021, Said Farah knowingly caused a payment for approximately $66,506;

*Two*, that payment was of a value greater than $10,000 derived from wire fraud;

*Three*, Said Farah knew that the payment involved proceeds of a criminal offense;

*Four*, the payment took place within the United States; and

*Five*, the payment in some way or degree affected interstate commerce.

If all the elements for Money Laundering for Count 40 have been proved beyond a reasonable doubt, then you must find Said Farah guilty of the crime charged under that count; otherwise, you must find Said Farah not guilty of the crime charged under that count.

JURY INSTRUCTION NO. 50
**Money Laundering**

<u>(Abdimajid Nur)</u>

The crime of Money Laundering, as charged in Count 41 of the indictment, has five elements:

*One*, on or about September 30, 2021, Abdimajid Nur knowingly caused a payment for approximately $34,777;

*Two*, that payment was of a value greater than $10,000 derived from wire fraud;

*Three*, Abdimajid Nur knew that the payment involved proceeds of a criminal offense;

*Four*, the payment took place within the United States; and

*Five*, the payment in some way or degree affected interstate commerce.

If all the elements for Money Laundering for Count 41 have been proved beyond a reasonable doubt, then you must find Abdimajid Nur guilty of the crime charged under that count; otherwise, you must find Abdimajid Nur not guilty of the crime charged under that count.

JURY INSTRUCTION NO. 51
**Money Laundering**

<u>(Abdiaziz Farah)</u>

The crime of Money Laundering, as charged in Count 42 of the indictment, has five elements:

*One*, on or about October 12, 2021, Abdiaziz Farah knowingly caused a payment for approximately $334,632;

*Two*, that payment was of a value greater than $10,000 derived from wire fraud;

*Three*, Abdiaziz Farah knew that the payment involved proceeds of a criminal offense;

*Four*, the payment took place within the United States; and

*Five*, the payment in some way or degree affected interstate commerce.

If all the elements for Money Laundering for Count 42 have been proved beyond a reasonable doubt, then you must find Abdiaziz Farah guilty of the crime charged under that count; otherwise, you must find Abdiaziz Farah not guilty of the crime charged under that count.

JURY INSTRUCTION NO. 52
**False Statement in a Passport Application**

The crime of False Statement in a Passport Application, as charged in Count 43 of the indictment, has three elements:

*One*, Abdiaziz Farah submitted a passport application;

*Two*, Abdiaziz Farah willfully and knowingly made in that application a false statement; and

*Three,* Abdiaziz Farah acted with the intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws and/or rules regulating the issuance of passports.

If all the elements of False Statement in a Passport Application for Count 43 have been proved beyond a reasonable doubt, then you must find Abdiaziz Farah guilty of the crime charged under that count; otherwise, you must find Abdiaziz Farah not guilty of the crime charged under that count.

JURY INSTRUCTION NO. 53
**Good Faith**

One of the issues in this case is whether the defendant acted in good faith. Good faith is a complete defense to the crimes charged. If a defendant did not act with the requisite mental state as specified in the instructions for each crime charged, then that defendant is not guilty of the charged offenses. The essence of the good faith defense is that one who acts with honest intentions and without the requisite mental state cannot be convicted of the crimes charged.

Good faith includes, among other things, an opinion or belief that is honestly held, even if the opinion is in error or the belief is mistaken. However, even though a defendant honestly held a certain opinion or belief (such as a belief that a business venture would ultimately succeed, that investors would make a profit, or that investors would not lose money), a defendant does not act in good faith if he or she also knowingly made false or fraudulent representations or promises, corruptly gave money, or knowingly paid using the proceeds of a criminal offense. The requisite mental state for each crime requires more than proof that a defendant only made a mistake in judgment or management, or was careless.

The Government has the burden of proving beyond a reasonable doubt that the defendant acted with the requisite mental state for each crime charged. Evidence that the defendant acted in good faith may be considered by you, together with all the other

evidence, in determining whether or not a defendant acted with the requisite mental state.

## JURY INSTRUCTION NO. 54
**Intent**

Intent may be proved like anything else. You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

JURY INSTRUCTION NO. 55
**Deliberate Ignorance/Willful Blindness**

You may find that a defendant acted knowingly if you find beyond a reasonable doubt that he or she believed there was a high probability that a certain fact or set of facts existed, and that he or she took deliberate actions to avoid learning of those facts. Knowledge may be inferred if the defendant deliberately closed the defendant's eyes to what would otherwise have been obvious to the defendant. A willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts. You may not find the defendant acted "knowingly" if you find the defendant was merely negligent, careless, reckless, or mistaken as to the facts in question.

JURY INSTRUCTION NO. 56
**Types of Evidence**

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

JURY INSTRUCTION NO. 57
**Separate Crime**

A separate crime is alleged against the defendant in each count of the Indictment.

Each alleged offense, and any evidence pertaining to it, should be considered separately

by the jury. The fact that you find the defendant guilty or not guilty of one of the offenses

charged should not control your verdict as to any other offense charged against him or

her. You must give separate and individual consideration to each charge.

JURY INSTRUCTION NO. 58
**Duty to Deliberate; Punishment Not a Factor; Verdict Form**

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the court security officer, signed by one or more jurors. I will

respond as soon as possible either in writing or orally in open court. You should not tell anyone—including me—how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict, whether guilty or not guilty, must be unanimous as to each count. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the court security officer that you are ready to return to the courtroom.